**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| TAMMY LIZOTTE, on her own behalf ) <br> and on behalf of others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FARIS PROPERTIES, LLC, ) <br> ) <br> Defendant. ) <br> _____) | No. _____ <br><br> **JURY DEMANDED** |

## COMPLAINT

Comes Plaintiff Tammy Lizotte ("Plaintiff"), by and through counsel, and on behalf of herself and other current and former similarly situated non-exempt persons employed by Defendant at any time during the three years prior to the filing of the Complaint ("Other Workers") subjected to the same practices as to which Plaintiff complains below, and, for her Complaint against Defendant, Faris Properties, LLC ("Defendant") states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper under 28 U.S.C. § 1331 as this is an action arising, in part, pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA").

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. 216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Certain of Plaintiff's claims arise under state law but form part of the same Article III case or controversy as Plaintiff's retaliation claims under the FLSA. Accordingly, this Court has supplemental jurisdiction over the state-law claims under 28 United States Code § 1367.

5. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

6. Venue is also proper in this Court because substantially all of the acts and/or omissions giving rise to Plaintiff's claim occurred within the Eastern District of Tennessee.

## PARTIES

7. At all times material hereto, Plaintiff Tammy Lizotte was a resident of Roane County, Tennessee.

8. Further at all times material hereto, during the time Plaintiff was employed by Defendant, Plaintiff was a non-exempt employee of Defendant employed by Defendant at Defendant's store in Roane County, Tennessee.

9. At all times material hereto Defendant, was, and continues to be a Tennessee for-profit Limited Liability Company. Defendant may be served by service of process on its registered agent, John Faris, at 1000 Bridgestone Pl., Knoxville, TN 37919.

10. At all times material hereto, Defendant, was, and continues to be, engaged in business in the State of Tennessee, with a principal place of business in Knox County, Tennessee.

11. Upon information and belief Defendant operates over thirty (30) McDonald's Franchise restaurants in the Eastern District of Tennessee.

## COVERAGE

12. At all times material hereto, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

13. At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of the FLSA.

14. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

16. Specifically, at all material times hereto, upon information and belief, Defendant operated in excess of thirty (30) McDonald's Franchise restaurants in the Eastern District of Tennessee.

17. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

18. At all times material hereto, the annual gross revenue of Defendant was well in excess of $500,000.00 per annum.

19. At all times material hereto, Defendant had two (2) or more employees engaged in operating approximately thirty (30) McDonald's Franchise restaurants in the Eastern District of Tennessee.

20. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

21. At all time hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

22. Defendant operates numerous McDonald's Franchise restaurants in the Eastern District of Tennessee.

23. Plaintiff was employed by Defendant as a non-exempt hourly-paid employee working at Defendant's restaurant located in Rockwood, Roane County, Tennessee.

24. Plaintiff worked in this capacity for over a year until her termination on January 13, 2017.

25. As an employee, Plaintiff was paid wages on hourly basis (for all hours Defendant credited Plaintiff with working, an issue about which Plaintiff complains in more detail below) in exchange for work she performed for Defendant.

26. Specifically, Plaintiff was to be paid, in the beginning, the minimum wage of $7.25 per hour for her work for Defendant. Plaintiff later was given a raise to $8.00 per hour.

27. Plaintiff alleges on behalf of herself and the other workers who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid minimum wages, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq., (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201; and (iv) entitled to an award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

28. Plaintiff and the other workers were regularly required to work off-the-clock as a result of Defendant's policies, which are, on information and belief, common to all McDonald's Franchise restaurants operated by Defendant. Specifically, Plaintiff was deprived of lawful wages by being required to work off the clock (and having illegal deductions from her pay result in the effective payment of less than minimum wage) by no less than five illegal practices, including that:

A. Defendant refuses to pay employees for meal breaks although the employee is, for the employer's convenience, prohibited from leaving the premises of the McDonald's store in question and required to remain available to work if needed;

B. Defendant requires employees to report to work at scheduled times, but then at its own discretion and without notice to the employee directs the employee upon arrival at the scheduled start time to wait on Defendants' premises to be allowed to clock in, essentially engaging employees to wait for work but not paying the employees for this time.

C. Defendant requires employees on closing shifts to clock out upon completion of their work but prohibits the employee "for security purposes" from leaving the building until all other employees complete their work, effectively turning employees into unpaid security guards for the still-working employees and Defendant's cash funds and other property located in the building.

D. Defendant engages in employee counseling meetings with employees upon their arrival at the restaurant (and prior to the employee clocking in); and

E. Defendant deducts cash register shortages from employee pay without regard for the cause of the shortage or whether such reduction results in the effective payment of less than minimum wage to the Defendant, thereby causing such effective payment of less than minimum wage. Defendant requires employees cashiers who Defendant alleges have, through error of the Cashier and/or customers, less amounts in their cash register at the conclusion of their shift than Defendant's computer records indicate should be present, to pay to Defendant from their own personal funds the difference, resulting in an effective wage (reducing the purported wage by the amount

paid by the employee cashier divided by the number of the hours) to less than minimum wage. Upon information and belief, although errors would occasionally result in there being more money in the cash register than Defendant's computer records indicate should be present, such amounts were retained by the Defendant and never paid to the employee Cashier. Defendant was inconsistent with whether such amounts would be required to be paid by the Cashier after the Cashier received her check or deducted by Defendant from the Cashier's check; in some cases, Defendant did both.

29. Plaintiff was subjected to each of the practices described above.

30. Upon information and belief, numerous other employees of Defendant were subjected to one or more, or all, of the practices described above.

31. Defendant's policies stated above are, on information and belief, common to all McDonald's Franchise restaurants operated by Defendant.

32. Because Plaintiff had the temerity to assert her rights under the FLSA and point out that Defendant's practices were illegal (for instance, shortly before Plaintiff's termination, Plaintiff complained that Defendant's manager called Plaintiff into the office to discuss work issues with Plaintiff prior to Plaintiff clocking in, an incident that Defendant specifically referenced by Defendant in the conversation where Plaintiff was told she was terminated), Defendant, in retaliation, terminated Plaintiff.

33. In the alternative, Defendant terminated Plaintiff for smoking in Defendant's designated area for smoking (a dumpster corral) while throwing bags of garbage into the dumpster, effectively constituting termination of Plaintiff based on her use of an agricultural product, in violation of T.C.A. § 50-1-304.

34. Defendant's actions constitute violations of the Fair Labor Standards Act and retaliation against Plaintiff for Plaintiff's assertions of Plaintiff's rights under the Fair Labor Standards Act.

35. Defendant's violations of the Fair Labor Standards Act damaged Plaintiff and other employees similarly situated to Plaintiff.

36. Defendant's retaliation against Plaintiff for Plaintiff's assertions of Plaintiff's rights under the Fair Labor Standards Act damaged Plaintiff.

37. Defendant's violations of the FLSA and retaliation against Plaintiff for Plaintiff's assertion of her rights under the FLSA were intentional and made knowing that such conduct was unlawful.

38. Defendant's act of terminating Plaintiff in retaliation for Plaintiff's complaints about, refusal to remain silent about, and/or refusal to participate in Defendant's activities in violation of the Fair Labor Standards Act violate T.C.A. § 50-1-304, and caused Plaintiff damages.

39. Plaintiff is entitled pursuant to the FLSA and T.C.A. § 50-1-304 to compensatory damages, liquidated damages, punitive damages and attorney's fees for Defendant's retaliation against Plaintiff for Plaintiff's assertion of her rights under the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Issue process and bring Defendant before the Court;

B. Empanel a jury for the trial of this case;

C. Grant Plaintiff and those similarly situated to Plaintiff a judgment against Defendant for injunctive relief, compensatory damages, punitive damages, and liquidated damages for Defendant's violations of the law as described in the Complaint above.

D. Grant Plaintiff compensatory damages, including but not limited to, for Defendant's termination of Plaintiff in retaliation for Plaintiff's assertion of her rights under the Fair Labor Standards Act.

E. Award Plaintiff her costs in this cause, including but not limited to her reasonable attorney's fees and other litigation costs.

F. Assess the costs of the Court in this cause against Defendant; and

G. Grant Plaintiff and those similarly situated to Plaintiff such other and further relief to which she or they may be entitled as the Court may otherwise deem appropriate.

Respectfully Submitted,

/s/ Mark N. Foster
Mark N. Foster, BPR # 023626
P.O. Box 192
Rockwood, TN 37854
(865) 354-3333