IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

TAMMY LIZOTTE, on her own behalf
And on behalf of others similarly situated,

    Plaintiff,

v.

Faris Properties, LLC,

    Defendant.

Civil Action No.: 3:17-cv-00195

STIPULATION OF SETTLEMENT AND RELEASE

Subject to the approval of the United States District Court for the Eastern District of Tennessee, and pursuant to 29 U.S.C. § 216(b) of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Parties, by and through their counsel, agree to the following Stipulation of Settlement and Release ("Stipulation of Settlement").

## RECITALS

WHEREAS, on May 3, 2017, Tammy Lizotte filed a lawsuit entitled *Tammy Lizotte, on her own behalf and on behalf of others similarly situated v. Faris Properties.*, No. 3:17-cv-00195 in the United States District Court for the Eastern District of Tennessee (the "Court").

WHEREAS, in this Action, the Named Plaintiff alleges that Defendant Faris Properties ("Defendant") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* by failing to properly compensate Plaintiff as required by the FLSA and Tennessee law. Plaintiff also asserts that Defendant terminated her employment in retaliation for asserting claims under the FLSA or in the alternative in violation of T.C.A. 50-1-304.

WHEREAS, in this Action, the Plaintiff filed the litigation on behalf of herself and "others similarly situated";

WHEREAS, in this Action, the Named Plaintiff sought to recover unpaid wages, liquidated damages, damages under Tennessee law, court costs, reasonable attorneys' fees, expenses, and interest;

WHEREAS, on (date), Defendant filed an Answer to Plaintiff's Complaint in this Action, and denied all material allegations, including that it violated any provision of the FLSA or Tennessee law in any respect;

WHEREAS, Counsel for the Parties vigorously pursued their respective positions and the rights of their clients through legal, factual and damages analysis, and have engaged in good faith, arms-

1

DEFENDANT'S EXHIBIT 1

length negotiations regarding settlement. After extensive negotiations, the Parties reached an agreement on the terms and conditions of a settlement;

WHEREAS, Defendant has denied and continues to deny each of the claims and contentions alleged by Plaintiff in this Action, denies any wrongdoing or legal liability arising out of or related to any of the facts or conduct alleged in this Action, and believes that it has valid defenses to Plaintiff's claims.

WHEREAS, in agreeing to the settlement, the Parties have considered: (i) the facts developed during the pendency of this Action and the law applicable thereto; (ii) the attendant risks of continued litigation and the uncertainty of the outcome of this Action; (iii) the desirability of permitting the settlement to be consummated according to the terms of the Stipulation of Settlement; and (iv) the determination of the Parties and their counsel that the terms and conditions of this Agreement are fair, reasonable, adequate, and that it is in the Parties' best interests to settle this Action as set forth below;

WHEREAS, the Parties agree to cooperate and take all steps necessary and appropriate to dismiss this Action with prejudice and in a manner that maintains the confidentiality of the terms of the Stipulation of Settlement;

WHEREAS, it is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement of all Released Claims against all Released Parties, subject to the conditions set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED among the Parties, by and through their respective attorneys of record, and subject to the approval of the Court, that in consideration of the foregoing and of the promises and mutual covenants contained herein, and other good and valuable consideration, this Action shall be settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

1. DEFINITIONS

For purposes of this Stipulation of Settlement, the following definitions shall apply, in addition to the definitions set forth in other sections of this Stipulation of Settlement:

A. "Defendant" shall mean and refer to Faris Properties, its agents, employees, managers, and assignees.

B. "Action" shall mean and refer to this Action entitled *Tammy Lizotte, on her own behalf and on behalf of others similarly situated*, pending in the United States District Court for the Eastern District of Tennessee.

C. "Court" means the United States District Court for the Eastern District of Tennessee.

D. "Named Plaintiff" means Tammy Lizotte in her individual capacities.

E. "Plaintiff's Counsel" shall mean Mark Foster and James Friauf.

2

F.   "Defendant's Counsel" shall mean the law firm of Boyle Brasher, LLC.

G.   "Settlement Effective Date" shall mean the date upon which the Court enters an Order granting final approval of the Stipulation of Settlement.

H.   "Released Claims" has the meaning set forth in Section 5, *infra*.

I.   "Released Defendant" means Faris Properties (including its owners, parent companies, divisions, subsidiaries, affiliates, trustees, predecessors, successors, transferees, assigns, insurers, officers, directors, members, employees, agents, and representatives).

J.   "Parties" and/or "Released Parties" shall mean Named Plaintiff and Defendant Faris Properties, (including its owners, parent companies, divisions, subsidiaries, affiliates, trustees, predecessors, successors, transferees, assigns, insurers, officers, directors, members, employees, agents, and representatives).

2.   SETTLEMENT AMOUNT AND OTHER CONSIDERATION

In consideration for this Actions, promises and mutual covenants and releases described herein, the Parties agree to the following settlement:

A.   Defendant agrees to pay Plaintiff Tammy Lizotte the amount of One thousand Dollars and No Cents ($1,000.00) to resolve any claims that were alleged or may have been alleged regarding any alleged FLSA ▮▮▮▮▮▮ claims.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

C.   Defendant agrees to pay the amount of Ten Thousand Dollars and No Cents ($10,000.00), as attorneys' fees and costs in this matter as follows:  (1) Five Thousand and No Center ($5,000.00), attorneys' fees to Mark N. Foster; and (2) Five Thousand Dollars and No Center ($5,000.00), attorneys' fees to James Friauf.

3.   NO ADMISSION OF LIABILITY; INADMISSBILITY OF THIS AGREEMENT

This Stipulation of Settlement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances. The Parties further acknowledge and agree that neither this Stipulation of Settlement nor the eventual settlement shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, including Defendant, and/or the Released Parties. Neither this Stipulation of Settlement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Stipulation of Settlement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, and this Stipulation of Settlement and everything in it shall be inadmissible as evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

3

4. RELEASES

Plaintiff, on behalf of her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, hereby knowingly and voluntarily, irrevocably, and unconditionally, forever and fully releases and covenants not to sue the Released Defendant from/for any and all past and present matters, claims, demands, and causes of action of any kind related to the proper payment of wages, including, but not limited to unpaid wages, commissions, overtime pay, minimum wages, liquidated damages, penalties, attorneys' fees and costs, and interest under the Fair Labor Standards Act, Tennessee law, or common law, including any breach of contract claim arising out of the failure to pay wages, which Plaintiff has or might have, known or unknown, that has arisen or could have arisen at any time from the commencement of employment with Released Defendant, up to and including the last date of execution of this Stipulation of Settlement on page 11 ("Released Claims").

Also, in consideration of the mutual covenants and promises contained in this Agreement, Named Plaintiff hereby releases and forever discharges Released Defendant, (including, without limitation, the company itself, as well as any parent companies, subsidiaries and/or affiliates, and their respective directors, officers, employees, agents, attorneys, predecessors, successors and assigns) from, and covenants never to sue any of them with respect to any and all claims, demands, damages, actions or causes of actions of any kind or nature whatsoever arising out of or pertaining in any way to Named Plaintiff's prior employment with Released Defendant, her termination from employment before, and/or the Lawsuit, whether in law or equity, known or unknown, asserted or unasserted, suspected or unsuspected, which arose from events occurring prior to the date of the execution of this Agreement, including, without limitation, all claims based on: (1) each of the following statutes, as well as any amendments thereto: (a) Title VII of the Civil Rights Act of 1964, (b) 42 U.S.C. § 1981, 42 U.S.C. §1983, (c) 42 U.S.C. §1988, (d) the Family and Medical Leave Act, (e) the Age Discrimination in Employment Act, (f) the Older Workers Benefit Protection Act, (g) the Americans with Disabilities Act Amendments Act, and the Tennessee Human Rights Act; (2) any and all allegations of unconstitutional conduct, including claims brought pursuant to the Fourteenth and Fourth Amendments; (3) any other federal, state, or local statutes, as well as any amendments thereto; (4) any common law tort or contract remedy, including without limitation claims for emotional distress, invasion of privacy, defamation, slander, wrongful discharge, violation of public policy, assault, battery, negligent hiring, negligent retention; and/or (5) any other incidental or consequential claims or damages, expenses incurred, litigation expenses, court costs, attorneys' fees and/or other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

Released Defendant shall enter an Order of Dismissal With Prejudice (the form of which is to be agreed to by the Parties) in the case of *Lizotte v. Faris Properties, LLC* pending in the United States District Court for the Eastern District of Tennessee.

4

5.  CONFIDENTIALITY

A.  Named Plaintiff agrees to keep the scope of negotiations regarding the settlement of her claims against Released Defendant, as well as the terms and existence of this Agreement, confidential and not to disclose this information at any time to any persons or entities other than her spouse (if any); her attorneys; federal, state, and local taxing authorities; any government authorities who seek this information pursuant to legal process; pursuant to subpoena or court order; and her tax advisors and agents responsible for the preparation of her tax returns. Named Plaintiff will instruct those individuals to whom she is permitted to disclose this information that they are to maintain the confidentiality of the terms of this Agreement.

B.  Upon inquiry of any other person about the status of Named Plaintiff's dispute with Released Defendant, Named Plaintiff shall state that "the matter has been resolved to the parties' satisfaction." No further comment shall be made regarding these matters or the terms of this Agreement.

C.  If Named Plaintiff makes any unauthorized disclosure or otherwise violates any portion of Paragraph 5 at any time, it shall be considered a material breach of this Agreement and Named Plaintiff agrees to pay Released Defendant a sum equivalent to one year's salary (defined by Named Plaintiff's salary at the time of the breach) as liquidated damages for the breach. Named Plaintiff agrees that the amount of damages that Released Defendant will sustain from such a breach is difficult to ascertain. Therefore, Named Plaintiff agrees that the sum of one year's salary is a reasonable and just liquidated damage amount and that this amount is not a penalty. In addition, in the event Released Defendant pursues an action against Named Plaintiff for breach of Paragraph 5 and is successful, Released Defendant will be entitled to reasonable attorneys' fees and costs, including, but not limited to expert witness fees from Named Plaintiff.

6.  REASONABLE COMPROMISE OF BONA FIDE DISPUTE

The Parties agree that the terms of this Stipulation of Settlement represent a reasonable compromise of disputed issues, arising from a bona fide dispute over the merits of Named Plaintiff's claims and agree to represent the same to the Court. The Parties further agree that the settlement is a fair, reasonable, and adequate resolution of Named Plaintiff's claims and is in the best interests of the Named Plaintiff.

7.  VOIDING THE AGREEMENT

A.  If the Court refuses to approve this Stipulation of Settlement or any material part of it or makes a material change to it, then the Named Plaintiff and Released Defendant shall have the right to unilaterally terminate this Stipulation of Settlement by providing the written notice of their election to do so within ten (10) business days from the date the Court issues its Order disapproving the Stipulation of Settlement or any material part of it or making a material change to it.

B.  In the event that Counsel for any Party exercises the right of termination set forth in this Section 12, then this Stipulation of Settlement shall be deemed null and void, of no force and effect, inadmissible as evidence and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

8.  MUTUAL FULL COOPERATION

A.  The Parties shall seek an Approval Order by filing a joint motion for approval with the Court no later than three (3) days after the execution of this Stipulation of Settlement. Such motion shall include all stipulations, consents, and other language required to fully and finally dismiss this Action with prejudice and without costs except as detailed in this Stipulation of Settlement.

B.  Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Stipulation of Settlement.

9.  CONSTRUCTION

The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy and intensive arms-length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Stipulation of Settlement. The Parties request that before declaring any provision of this Stipulation of Settlement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Stipulation of Settlement.

10.  CAPTIONS AND INTERPRETATIONS

Section titles or captions contained in this Stipulation of Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any of its provisions.

11.  MODIFICATION

This Stipulation of Settlement, including the attached Exhibit(s), may not be changed, altered, or modified, except in writing signed by counsel for the Parties. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or in writing signed by counsel for the Parties and approved by the Court.

12.  INTEGRATION CLAUSE

This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement of this Action and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Stipulation of Settlement. No rights under this Stipulation of Settlement may be waived except in writing signed by counsel for the Parties as set forth in Section 12, *supra*.

13. BINDING ON ASSIGNS

This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their respective owners, parent companies, divisions, subsidiaries, affiliates, transferees, heirs, trustees, executors, administrators, successors, and assigns.

14. COUNTERPARTS & FACSIMILE SIGNATURES

This Stipulation of Settlement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement. This Stipulation of Settlement may be executed by facsimile signatures, PDF, or e-mail, which shall be deemed to be originals.

15. APPLICABLE LAW

This Stipulation of Settlement shall be governed by and construed in accordance with federal law and the law of the State of Tennessee, to the extent federal law does not apply.

16. RETENTION OF JURISDICTION

The Parties intend to request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation of Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Stipulation of Settlement.

17. NO MEDICARE OR MEDICAID BENEFICIARY

Named Plaintiff affirms, covenants, and warrants she is not a Medicare or Medicaid beneficiary and is not currently receiving, has not received in the past, will not have received at the time of payment pursuant to this Agreement, is not entitled to, is not eligible for and has not applied for or sought Social Security Disability, Medicare, or Medicaid benefits. Named Plaintiff affirms, covenants, and warrants she has made no claim for illness or injury against, nor is she aware of any facts supporting any claim against the Released Defendant under which the Released Defendant could be liable for medical expenses incurred by Named Plaintiff before or after the execution of this Agreement. Furthermore, Named Plaintiff is aware of no medical expenses which Medicare or Medicaid has paid and for which the Released Defendant are or could be liable, now or in the future. Named Plaintiff agrees and affirms that to the best of her knowledge, no liens of any governmental entities, including those for Medicare or Medicaid conditional payments exist. Named Plaintiff will indemnify, defend, and hold the Released Entities harmless from Medicare or Medicaid claims, liens, damages, conditional payments, and rights to payment, if any, including attorneys' fees, and Named Plaintiff further agrees to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) *et seq*.

*[THIS SPACE IS INTENTIONALLY LEFT BLANK. SIGNATURE PAGES FOLLOW.]*

IT IS SO STIPULATED.

Dated: _____  By: _____
                                    Rodrick D. Holmes
                                    Attorney for Defendant
                                    Boyle Brasher LLC

Dated: _____3-7-18_____      (Plaintiff) [signature]
                               By: _____
                                    Mark Foster
                                    Attorney for Plaintiff

Dated: _____  By: _____
                                    James Friauf
                                    Attorney for Plaintiff

Dated: _____3-7-18_____  By: __[signature]_____
                                    Tammy Lizotte, Named Plaintiff

Dated: _____  By: _____
                                    Jon Faris
                                    Owner and Chief Executive Officer,
                                      Faris Properties, Released Defendant

8

IT IS SO STIPULATED.

Dated: 3/13/2018

By: *Rodrick D. Holmes* w/ permission *Aubrey E. Peckham* TN Bar #36396
Rodrick D. Holmes
Attorney for Defendant
Boyle Brasher LLC

Dated: _____

(Plaintiff)

By: _____
Mark Foster
Attorney for Plaintiff

Dated: 03/07/18

By: *James Friauf*
James Friauf
Attorney for Plaintiff

Dated: _____

By: _____
Tammy Lizotte, Named Plaintiff

Dated: _____

By: _____
Jon Faris
Owner and Chief Executive Officer,
 Faris Properties, Released Defendant

8

IT IS SO STIPULATED.

Dated: _____

By: _____
Rodrick D. Holmes
Attorney for Defendant
Boyle Brasher LLC


Dated: _____          (Plaintiff)

                    By: _____
                        Mark Foster
                        Attorney for Plaintiffs

Dated: _____  By: _____
                        James Friauf
                        Attorney for Plaintiffs

Dated: _____  By: _____
                        Tammy Lizotte, Named Plaintiff

Dated: 3-7-18       By: _____*John J. Davis*_____
                        John ~~Jon~~ Faris
                        Owner and Chief Executive Officer,
                        Faris Properties, Released Defendant

8